UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ALAN SWANSTROM,              )
              Plaintiff,     )   No. C05-0233RSL
        v.                   )
                             )   ORDER DENYING REMAND
THE BOEING COMPANY, a foreign)
corporation,                 )
              Defendants.    )
_____)

This matter comes before the Court on plaintiff's "Answer to Notice of Removal and Motion to Remand to State Court" ("Motion to Remand"). Plaintiff is suing his former employer for negligent termination and investigation related to the termination of his employment. Defendant timely removed this case from King County Superior Court, arguing that plaintiff's claims necessarily implicate the collective bargaining agreement ("CBA") negotiated between the International Association of Machinists and Aerospace Workers, AFL-CIO ("IAM") and defendant. According to defendant, plaintiff's claims are therefore preempted by Section 301 of the Labor Management Relations Act.

Section 301 provides:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the

ORDER DENYING REMAND

amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  All "state claims that are based directly on rights created by a collective bargaining agreement, and . . . claims that are substantially dependent on an interpretation of a collective bargaining agreement" are preempted under this section.  <u>Aguilera v. Pirelli Armstrong Tire Corp.</u>, 223 F.3d 1010 (9th Cir. 2000).  The purpose of Section 301 preemption is "to ensure that collective bargaining agreements are interpreted uniformly."  <u>Milne Employees Ass'n v. Sun Carriers, Inc.</u>, 960 F.2d 1401, 1407-08 (9th Cir. 1992).

The preemptive effect of Section 301 is generally determined with reference to the complaint itself, not the defenses that may or may not be raised by defendant.  In <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386 (1987), the employer asserted the terms of the CBA as a defense, claiming that plaintiff's claims under a pre-existing individual employment contract were expressly waived under a provision of the then-applicable CBA.  The Supreme Court found that such defenses did not justify removal.

> It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives.  But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule – that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court.  When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim, and removal is at the defendant's option.  But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.  If a defendant could do so, the plaintiff would be master of nothing.  Congress has long since decided that federal defenses do not provide a basis for removal.

<u>Caterpillar</u>, 482 U.S. at 398-99 (footnote omitted).  However, plaintiff cannot avoid proper

federal jurisdiction by "artfully" omitting from the complaint all reference to a governing CBA. See Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987); Paige v. Henry J. Kaiser Co., 826 F.2d 857, 860-61 (9th Cir. 1987).  If plaintiff's claim alleges breach of contract or tort claims in which the resolution "is substantially dependent upon analysis of the terms of the agreement made between the parties in a labor contract," federal preemption is proper, regardless of whether the presence of the CBA appears in the complaint or the answer.  See Allis-Chambers Corp. v. Lueck, 471 U.S. 202, 206 (1985).

Plaintiff erroneously argues that because he refused to join IAM, he is not covered by the CBA.  See Motion to Remand at 2 § C.  Under Section 19 of the National Labor Relations Act ("NLRA"), those with religious objections to union membership "shall not be required to join or financially support any labor organization as a condition of employment."  29 U.S.C. § 169.  The NLRA instead permits religious objectors to pay sums equal to union dues to non-labor charities.  Id.  Plaintiff has made charitable contributions in lieu of paying union dues while employed by defendant.  Dec. of Yvette Morgan at ¶ 8. The NLRA does not simply allow objectors to opt out of a CBA that is otherwise applicable to the objector's bargaining unit.

Plaintiff was at all times part of the bargaining unit covered by the IAM-Boeing CBA.  See Dec. of Yvette Morgan at ¶¶ 2, 4. The CBA provides that IAM is the exclusive bargaining agent for all production and maintenance employees working for defendant in the Seattle-Renton Unit.  See id. at p. 6.  Plaintiff's position in Assembler Wire Group A was covered within the bargaining unit represented by IAM.  Id. at ¶ 7.  Therefore, plaintiff is subject to the terms of the CBA.

Plaintiff's complaint alleges negligence in the investigation and termination of plaintiff's employment.  Complaint at ¶¶ 3.1-3.2.  Plaintiff later alleges his employment with defendant "would be based upon private contract...and that their [sic] would be no relationship with the IAM to Plaintiff's employment."  Reply at 8.  Under Washington law, tort liability for

negligent investigation is not cognizable unless a contract imposes a duty. Lambert v. Morehouse, 68 Wn. App. 500, 504 (Div. 1 1993). Moreover, without a formal contract, employment in Washington is terminable at will. Gaglidari v. Denny's Rest., Inc., 117 Wn.2d 426, 432 (1991). Thus, plaintiff's "negligence claim merely reasserts, in a tort context, the claim that the plaintiff's discharge breached contractual promises." Lambert, 68 Wn. App. at 506.

Plaintiff alleges that he has a contract entirely independent of the CBA. Reply at 8 § C. Any "independent agreement of employment [concerning a job posting covered by the CBA] could be effective only as part of the collective bargaining agreement." Olguin v. Inspiration Consol. Copper Co., 740 F.2d 1468, 1474 (9th Cir. 1984). See also Young 830 F.2d at 997 (oral agreement that was not part of the CBA could only be effective as part of CBA); Stallcop v. Kaiser Found. Hosp., 820 F.2d 1044, 1048, (9th Cir. 1987) (same). In Young, the court noted that the subject matter of Young's oral contract was a position covered by the CBA, thus any independent agreement could only be effective as a part of the CBA. 830 F.2d at 997. Moreover, Olguin notes that to the extent an independent agreement is inconsistent with the CBA, the CBA must control. 740 F.2d at 1474.

In Caterpillar, the Supreme Court stated that "individual employment contracts are not inevitably superseded by any subsequent collective agreement covering an individual employee, and claims based upon them may arise under state law." 482 U.S. at 396. The individual contract negotiated in Caterpillar was for a position not covered by the CBA. Id. at 388. The Ninth Circuit has distinguished cases where the independent contract concerned a job position within the bargaining unit covered by the CBA. Beals v. Kiewit Pacific Co., Inc., 114 F.3d 892, 894-95 (9th Cir. 1997), *cert. denied,* 522 U.S. 1108 (1998). When Beals agreed to take his position, there was already a CBA in place that covered the position he was taking, thus distinguishing the case from Caterpillar. Here, plaintiff's position in Assembler Wire Group A was included in the bargaining unit covered by the CBA, thus bringing plaintiff's case under

ORDER DENYING REMAND                -4-

Beals, as distinguished from Caterpillar.  See Dec. of Yvette Morgan at ¶¶ 4, 7.

As a result, plaintiff's claims cannot be adjudicated without interpreting the CBA. See Allis-Chambers Corp. 471 U.S. at 206.  The case law makes clear that independent employment contracts entered into concerning positions that are covered by a CBA are only effective in the context of that CBA.  See Aguilera, 223 F.3d at 1015; Young, 830 F.2d at 997; Stallcop, 820 F.2d at 1048; Olguin, 740 F.2d at 1474.  Independent contracts must be read in conjunction with the CBA in order to see if the two conflict.  The terms of the CBA must be interpreted to determine whether defendant is empowered to make independent contracts outside the scope of the CBA.  Additionally, the "for cause" provision of the CBA must be interpreted, either in relation to plaintiff's independent contract or on its own, in order to determine whether defendant breached its duty to plaintiff.  Harris v. Alumax Mill Prod., Inc., 897 F.2d 400, 403 (9th Cir. 1990); Scott v. Machinists Auto. Trades Dist. Lodge No. 190, 827 F.2d 589, 594 (9th Cir. 1987) (per curiam).  Therefore Section 301 preemption is available and removal to this Court is proper.

For all of the foregoing reasons, Plaintiffs' Motion for Remand is DENIED.

DATED this 8th day of April 2005.

*[signature: Robert S. Lasnik]*

Robert S. Lasnik
United States District Judge