UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN G. SWANSTROM,

    Plaintiff,

    v.

THE BOEING COMPANY,

    Defendant.

Case No. C05-233L

ORDER REGARDING MOTION FOR PROTECTIVE ORDER

    This matter comes before the Court on the Motion for Protective Order (Dkt. # 23) filed by defendant, The Boeing Company ("Boeing"). Boeing asks this Court for a protective order allowing it to withhold certain witness statements until this Court rules on Boeing's forthcoming motion for summary judgment. The witness statements were made by Boeing employees and concern Mr. Swanstrom's allegedly threatening conduct while he worked at Boeing.

    Upon a showing of good cause, a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). Boeing suggests that the limited protective order is necessary because Mr. Swanstrom allegedly has made threatening statements in the past and could conceivably enter Boeing facilities using the

ORDER REGARDING MOTION FOR
PROTECTIVE ORDER

1 access card assigned to his wife (who is currently a Boeing employee) to make good on those
2 threats. Boeing has indicated that its forthcoming motion for summary judgment will raise
3 defenses based solely on the parties' settlement agreement, the statutes of limitations, and the
4 Court's jurisdiction. Boeing asserts that the witness statements have no factual or legal
5 relevance to these defenses.

6   Based on the submissions of the parties, this Court defers ruling on the Motion for
7 Protective Order. Instead, the Court stays all discovery beyond that which goes to the legal
8 issues to be raised in the summary judgment motion. Upon submission of Boeing's summary
9 judgment motion, the Court will determine whether the witness statements are relevant to Mr.
10 Swanstrom's response to the motion. If so, the Court will lift the stay and allow discovery of the
11 witness statements, subject to a protective order requiring that Mr. Swanstrom only contact the
12 Boeing witnesses through Boeing's attorneys. If, however, the statements are not relevant, the
13 Court will grant the Motion for Protective Order.

14   For all of the foregoing reasons, all discovery beyond that which goes to the legal issues
15 regarding whether the settlement agreement, the statute of limitations, or the Court's jurisdiction,
16 require dismissal of the claims against Boeing is STAYED. The Court DEFERS ruling on the
17 Motion for Protective Order (Dkt. # 23) pending the submission of Boeing's motion for
18 summary judgment.

20   DATED this 12th day of May, 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER REGARDING MOTION FOR
PROTECTIVE ORDER