1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ALAN G. SWANSTROM,

10                Plaintiff,                    Case No.  C05-233L

11          v.                                  ORDER REGARDING MOTION TO
                                                FILE SUMMARY JUDGMENT
12   THE BOEING COMPANY,                        MOTION UNDER SEAL

13                Defendant.

14

15                          **I.  INTRODUCTION**

16          This matter comes before the Court on The Boeing Company's ("Boeing's") Motion to

17   File Under Seal Its Motion for Summary Judgment and Supporting Declarations and Exhibits

18   (Dkt. # 41).  In its motion, Boeing indicates that it will seek summary judgment based on the

19   confidential settlement agreement entered into between it and Mr. Swanstrom, and requests that

20   the summary judgment motion and supporting documents be filed under seal.

21          In an effort to render Boeing's confidentiality concerns moot, Mr. Swanstrom filed a

22   copy of the settlement agreement with both this Court and with the King County Superior Court

23   several days after Boeing filed its motion.  In its reply, Boeing strongly objects to Mr.

24   Swanstrom's preemptive filing of the settlement agreement and requests that the copy filed with

25   this Court be sealed, as well.

26

ORDER REGARDING MOTION TO FILE
SUMMARY JUDGMENT MOTION
UNDER SEAL

## II.  DISCUSSION

The federal courts have recognized a "general right to inspect and copy . . . judicial records and documents."  Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quotations omitted).  Although this right is not absolute, the Ninth Circuit has adopted a strong presumption in favor of access that "may be overcome 'only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.'"  Id. (quoting Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nevada, 798 F.2d 1289, 1293 (9th Cir. 1986)).  In determining whether the presumption of access is overcome, the Court must consider, among other things, the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes.  See id. at 1434.  This Court must take all relevant factors into consideration, base its decision on compelling reasons, and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  Id. at 1434; accord Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

This Court finds that Boeing has provided a compelling reason to justify filing the settlement agreement under seal, but has not provided a sufficiently compelling reason to file its summary judgment motion, or other accompanying documents, under seal.  Although Mr. Swanstrom challenges the validity of the settlement agreement, the parties to the agreement expressly state their intention that the agreement remain confidential.  Orders to protect the confidentiality of settlement agreements are consistently granted by the courts.  See Phillips v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002).  Such protection is warranted because "[c]onfidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties."  Kalinauskas v. Wong, 151 F.R.D. 363, 365 (D. Nev. 1993).  What is more, filing a copy of the settlement agreement under seal will not deprive Mr. Swanstrom of access to the agreement or limit his ability to refute any arguments Boeing makes based on that

ORDER REGARDING MOTION TO FILE
SUMMARY JUDGMENT MOTION
UNDER SEAL

1  agreement.

2       Boeing, however, has not established sufficient good cause to file the summary judgment

3  motion and other accompanying documents under seal.  Although those documents may make

4  reference to the settlement agreement, Boeing has not asserted that those documents must

5  necessarily disclose the confidential information contained in that agreement.  This Court is

6  certain that Boeing will be able to craft its summary judgment motion in a manner that

7  sufficiently identifies the legal and factual issues without disclosing the contents of the

8  agreement.  Under the circumstances, sealing only the settlement agreement will suffice to

9  protect Boeing's interest while, at the same time, providing the public access to the majority of

10  documents that will form the basis of both Boeing's motion and the Court's ruling.

11       Mr. Swanstrom's attempt to obviate the need for sealing the agreement by filing a copy

12  with this Court and with King County Superior Court is not well-taken.  To begin, his unilateral

13  decision to disclose the agreement does not waive Boeing's interest in keeping the agreement

14  confidential.  More significantly, this tactic shows a disrespect for this Court's decision-making

15  processes.  This Court requires that a litigant's zealous pursuit of his interests does not lapse into

16  improper conduct.  Although the difference between zealous advocacy and improper conduct is

17  often difficult to discern (particularly where one is both the interested party and the advocate),

18  the Court encourages Mr. Swanstrom to keep the distinction in mind.

### III.  CONCLUSION

20       For all of the foregoing reasons, Boeing's  Motion to File Under Seal Its Motion for

21  Summary Judgment and Supporting Declarations and Exhibits (Dkt. # 41) is GRANTED IN

22  PART AND DENIED IN PART.  Boeing's request to file under seal the confidential settlement

23  agreement entered into between it and Mr. Swanstrom is GRANTED.  Boeing's request to file

24  under seal the summary judgment motion and other accompanying documents is DENIED.

25       Because Mr. Swanstrom has filed a copy of the settlement agreement in his opposition,

26  the Clerk of the Court is ordered to SEAL Mr. Swanstrom's "Answer to the Boeing Company's

ORDER REGARDING MOTION TO FILE
SUMMARY JUDGMENT MOTION
UNDER SEAL

1    Motion to File Under Seal Its Motion For Summary Judgment and Supporting Declarations and

2    Exhibits" (Dkt. # 43).

3

4        DATED this 18th day of May, 2005.

5

6

7                                                   Robert S. Lasnik
                                                    United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER REGARDING MOTION TO FILE
SUMMARY JUDGMENT MOTION
UNDER SEAL