UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN GREGORY SWANSTROM,

Plaintiff,

vs.

THE BOEING COMPANY,

Defendant.

Case No. C05-0233RSL

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on the "Motion for Summary Judgment" (Dkt. # 49) filed by defendant The Boeing Company ("Boeing"). For the reasons set forth below, the Court grants the motion.

**I. BACKGROUND**

Pro se Plaintiff Alan Swanstrom brings this action for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff alleges that Boeing terminated his employment on the basis of race in violation of 42 U.S.C. 2000e-2(a)(1). Boeing counters that Mr. Swanstrom was released due to workplace misconduct. The sole question before the Court is whether summary judgment is appropriate.

**II. DISCUSSION**

**A.    Standard of Review**.

Summary judgment shall be granted when there is "no genuine issue as to any material

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

fact." Fed. R. Civ. P. 56; accord Celoxtex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A "material fact" is one that may affect the disposition of the case; a dispute about a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to find in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is the Court's responsibility to determine whether the facts set forth by the non-moving party "are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Serv. v. Pac. Elec. Contractors, 809 F.2d 626, 631 (9th Cir. 1987).

As the moving party, Boeing bears the burden of identifying facts that demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 324. Mr. Swanstrom, for his part, must satisfy the following test in order to withstand Boeing's motion:

> First . . . if the non-moving party will bear the burden of proof at trial as to an essential element of its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. Second . . . the non-moving party must show that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial.

Cal. Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1468 (9th Cir. 1987) (internal citations omitted).

**B.   Analysis.**

Boeing argues that summary judgment is appropriate because: (1) Mr. Swanstrom failed to exhaust administrative remedies prior to filing his Title VII claim; and (2) Mr. Swanstrom executed a settlement agreement purporting to release Boeing from any and all claims relating to his employment. The Court will address these arguments in turn.

**1. Exhaustion of Administrative Remedies.**

Pursuant to Title VII, plaintiff is required to exhaust administrative remedies before seeking redress in a judicial forum. Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

Cir. 2004). 42 U.S.C. 2000e-5(e)(1) mandates that the administrative proceedings be initiated within a specified time period. Mr. Swanstrom concedes that he failed to meet the statutory filing deadline, and, indeed, failed to file at all. However, notwithstanding this concession, plaintiff contends that he is not time barred from pursuing administrative remedies because of the doctrine of equitable tolling. He therefore requests that the Court stay the instant proceedings until administrative avenues have been exhausted.

Under the circumstances, a stay based on equitable tolling is not appropriate. Equitable tolling is permitted in situations where the claimant has "actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Equitable tolling is also permitted "in the interests of justice," such as when "extraordinary circumstances beyond the plaintiff's control make it impossible for him to file suit on time." United States v. Marolf, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999). Mr. Swanstrom has presented no facts that justify an equitable tolling of the administrative deadline. Consequently, he is statutorily time barred from pursuing administrative remedies and any stay of these proceedings to pursue an administrative claim would be futile.

Because Mr Swanstrom has not and cannot exhaust administrative remedies, he similarly cannot bring the present civil action under Title VII. See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 1992) (holding that in order to establish subject matter jurisdiction over a Title VII claim, the plaintiff is required to exhaust administrative remedies). It follows that there is no genuine issue as to any material fact and summary judgment in favor of Boeing is appropriate.

**2. Settlement Agreement**.

Boeing is also entitled to summary judgment based on the terms of the settlement agreement it entered into with Mr. Swanstrom. The agreement releases Boeing from any and all

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

claims relating to plaintiff's employment, including the one before the Court. Plaintiff does not contest Boeing's interpretation of the agreement. Instead, he contends that the agreement is void due to an alleged breach by Boeing and/or because he was coerced into signing it.

Mr. Swanstrom's allegations of breach are not well-founded: it is a settled principle that conduct occurring prior to the formation of a contract cannot be the basis for a breach of contract claim. Here, plaintiff points to Boeing's actions during the period preceding the existence of the settlement agreement. As a matter of law no breach based on that conduct is possible.

The coercion claim also falls short. When the factual context renders a plaintiff's claim implausible, the plaintiff "must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Cal. Bldg. Prod., 818 F.2d at 1468. The facts before the Court demonstrate that Mr. Swanstrom elected not to exercise his right to revoke the settlement agreement after its formation; rather, he willingly accepted its benefits. Such conduct is not indicative of coercion. Moreover, plaintiff has not provided any evidence, much less persuasive evidence, to support his allegation that he was coerced into signing the agreement. Accordingly, his efforts to sidestep the terms of the contract by claiming coercion must fail.

### III. CONCLUSION

For all of the foregoing reasons, Boeing's "Motion for Summary Judgment" is GRANTED. Mr. Swanstrom's claim is DISMISSED with prejudice.

DATED this 25th day of July, 2005.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4